# Exhibit A

ELECTRONICALLY FILED - 2022 Jan 06 11:13 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000067

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | C/A NO. 2022-CP-10-_____ |
| JUSTIN M. FOLLMER & FRANCESCA N. ) | |
| DISALVO-FOLLMER, ) | |
| ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | (*Jury Trial Requested*) |
| vs. ) | |
| ) | |
| PRO SPORTS, INC., d/b/a CHAMPION ) | |
| SPORTS, HANESBRANDS, INC., and HBI ) | |
| BRANDED APPAREL ENTERPRISES, LLC. ) | |
| ) | |
| Defendants. ) | |

The Plaintiffs, Justin M. Follmer and Francesca N. DiSalvo-Follmer, by and through their undersigned counsel, complaining of the Defendants, jointly and severally, would allege and show to the Court the following:

1. Justin M. Follmer (hereinafter "Plaintiff" or "Mr. Follmer") is a citizen and resident of Charleston County, South Carolina.

2. Francesca N. DiSalvo-Follmer (hereinafter "Plaintiff" or "Mrs. Follmer") is a citizen and resident of Charleston County, South Carolina.

3. That Defendant, Pro Sports, Inc., d/b/a Champion Sports, (hereinafter "Champion"), is a domestic business corporation engaged in the business of designing, manufacturing, marketing, importing, distributing, and selling exercise and sports equipment including the Adjustable Training Hurdle ("Hurdle") at issue in this case; that Champion markets and sells exercise equipment in South Carolina, including the Hurdle at issue, with the intent that it would be purchased and used in South Carolina; that Champion placed the Hurdle into the stream of commerce with the intent that it would be purchased and used in South Carolina.

1

ELECTRONICALLY FILED - 2022 Jan 06 11:13 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000067

4. Champion sells exercise equipment in numerous stores located in South Carolina including but not limited to Dick's Sporting Goods, Wal-Mart, Target, Kohl's, and other large department and sporting goods stores throughout the state of South Carolina, including Charleston County.

5. Champion has continuing contacts with South Carolina by transacting substantial business in this state and designing, manufacturing, marketing, importing, distributing, and selling goods with the reasonable expectation that they will be used in this state and which are in fact used in this state.

6. Champion advertises its products for sale to South Carolina consumers in a systematic and continuous manner with the specific intent for South Carolina consumers to purchase its products.

7. Champion also actively encourages a resale market for its products.

8. That Defendant, Hanesbrands, Inc., (hereinafter "Hanesbrands'), is a domestic business corporation engaged in the business of designing, manufacturing, marketing, importing, distributing and selling exercise equipment including the Hurdle at issue in this case; that Hanesbrands markets and sells exercise equipment in South Carolina with the intent that it would be purchased and used in South Carolina; that Hanesbrands placed the Hurdle at issue into the stream of commerce with the intent that it would be purchased and used in South Carolina.

9. Hanesbrands is registered to do business with the South Carolina Secretary of State.

10. Hanesbrands has styled itself as a company that is very involved in managing and ensuring that products produced and sold under its brands are made to high quality standards.

11. That Defendant, HBI Branded Apparel (herein after "HBI"), is a subsidiary of Hanesbrands and is engaged in the designing, manufacturing, marketing, importing, distributing

and selling of exercise equipment including the Hurdle at issue; that HBI markets and sells exercise equipment in South Carolina with the intent that it would be purchased and used in South Carolina; that HBI placed the hurdle into the stream of commerce with the intent that it would be purchased and used in South Carolina.

12. HBI owns the trademark for "Champion Sports."

13. HBI has continuing contacts with South Carolina by transacting substantial business in this state and designing, manufacturing, marketing, importing, distributing, and selling goods with the reasonable expectation that they will be used in this state, and which are in fact used in this state.

14. Defendants are sophisticated, commercial sellers of goods who regularly and systematically used online and web-based platforms, including Amazon, to market and sell their products, including the subject Hurdle, to individual buyers and consumers, including those located in South Carolina.

15. Defendants even have established a virtual "Champion Sports Store" on Amazon and other online e-commerce platforms that directs consumers, including South Carolina consumers, to exclusively browse and search only Champion-branded items and interact with Champion accordingly. Such marketing and online activity is significantly interactive and not passive.

16. Through Champion's virtual store and extensive e-commerce sales operations, Defendants marketed, sold, supplied, and shipped the subject Hurdle (that it had previously manufactured and designed) to South Carolina. This online activity was conducted knowingly and as part of a repeated, systematic sales effort whereby Defendants directed extensive online activity within the State of South Carolina.

17. Upon information and belief, during all times relevant to this Complaint, Defendants sold tens of thousands of its products, if not more, on Amazon and availed themselves of the benefits of this greatly expanded marketplace, included with significant numbers of sales to South Carolina.

18. Upon information and belief, Defendants cultivated and systematically served a market in South Carolina by virtue of its online e-commerce platforms and other advertising methods.  Additionally, Defendants' own website requests customer feedback and direct interaction about products previously sold to consumers.

19. That on or about February 10, 2020, the Black Flag gym located on John's Island, South Carolina purchased the subject Hurdle (UPC Code # 7 10858 01775 3) from the online Champion Sports Store as a direct result of the Defendants' conduct set forth above.

20. The subject hurdle did not come with warnings, instructions, or any other type of information to instruct the user on how to use the product.

21. On or about February 27, 2021, while working out at Black Flag gym, Plaintiff Justin Follmer was attempting to jump the subject hurdle at the highest setting. When Follmer attempted to jump over the hurdle, he did not clear it and his body contacted the subject hurdle. Instead of collapsing, as it is designed to, the hurdle stayed in an upright position.  Follmer landed on the subject hurdle and one of the vertical pieces of the hurdle penetrated his rectum.

22. One of the touted "safety features" of the subject hurdle is that it collapses upon impact for the safety of the user.

23. That at the time of the accident, the subject hurdle was in the same or substantially same condition as when sold, save for normal and expected wear.

ELECTRONICALLY FILED - 2022 Jan 06 11:13 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000067

24. As a direct and proximate result of the accident, Plaintiff suffered severe and permanent injuries, which were due to and proximately caused by the acts or omissions of the Defendants as set forth herein. In the last ten months alone, Plaintiff has undergone eight (8) surgical procedures.

25. Upon information and belief, the defects and hazards attributable to this product were known to these Defendants and have been the subject of previous litigation against some or all of the above-named Defendants.

26. Upon information and belief, despite such knowledge, no safety changes or alternative designs have been implemented by the Defendants.

27. The injuries and damages to the Plaintiff were due to and proximately caused by the negligent and reckless conduct of the Defendants in the following particulars:

**FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**
(Negligence – Product Defect)

28. Each and every allegation contained in this Complaint, which is not inconsistent with this cause of action, is hereby incorporated by reference as if repeated verbatim herein.

    a. In designing and manufacturing the subject hurdle in a manner that creates an unreasonable risk of injury to the user;

    b. In failing to warn of the dangers associated with the subject hurdle;

    c. In failing to provide adequate instructions and/or warnings to ensure safe use of the hurdle;

    d. In designing and manufacturing the subject hurdle in such a manner that it does not collapse when a user's body contacts it;

    e. In designing, manufacturing, importing and distributing an inherently dangerous product;

ELECTRONICALLY FILED - 2022 Jan 06 11:13 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000067

    f.    In designing and manufacturing the subject hurdle with the horizontal cross beam located on the wrong side of the hurdle; and

    g.    Any other particulars established by the evidence.

## FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Strict Liability)

29. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

    a.    That the Defendants placed into the stream of commerce, a product, namely the subject hurdle described above, which was defective, unfit, and unusually dangerous to the intended users or consumers, including the Plaintiff herein; and

    b.    The Defendants are strictly liable for all damages caused by the defective condition of the subject hurdle.

## FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Breach of Warranty)

30. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

    a.    That by act, word and/or deed at the time of sale, the Defendants made certain Express Warranties, certain Implied Warranties of Merchantability, and certain Implied Warranties of Fitness for a Particular Purpose, regarding the subject hurdle which was a part of the basis of the bargain and/or which arose by operation of law;

    b.    That Plaintiff rightfully and reasonably relied upon the warranties of the Defendants to his great detriment, injury, and damage;

    c.    That the Defendants expressly and impliedly warranted at the time of sale that the subject hurdle at issue was fit, safe, in good condition, of merchantable quality, and was fit for a particular purpose, namely a safe hurdle to be used for exercising, when in fact, the subject hurdle was unfit, unsafe, not in good condition, not of merchantable quality, and not fit nor suited for Plaintiff's particular purpose; and

      d.      That by reason of and in consequence of Defendants' breach of express and implied warranties, Plaintiff suffered the injuries and damages as set forth herein for which the Defendants are liable to the Plaintiff.

31. That as a result of the described acts and omissions of the Defendants, Plaintiff has endured and continues to suffer from disfigurement, severe pain, suffering, emotional distress, loss of enjoyment of life, loss of consortium, and mental anguish. In addition, the Plaintiff has incurred expenses such as medical bills, lost wages and other costs associated with medical treatment.

32. Plaintiff is informed and believes that he is entitled to judgment against the Defendants, for both actual and punitive damages, all of which were directly and proximately caused by the acts and/or omissions of the Defendants as more fully set forth above, in an amount as may be set and determined by the trier of fact in this matter.

## FOR A FOURTH CAUSE OF ACTION
### (Loss of Consortium by Plaintiff Francesca Follmer)

33. Plaintiffs reallege and reincorporate Paragraphs 1 through 30 above as if fully set forth herein verbatim.

34. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of the Defendant as alleged above, Plaintiff Francesca Follmer has been forced to endure substantial losses of the marital rights to company, society, cooperation, affection, assistance, fellowship, aid, and relations with her spouse. And, Plaintiff Francesca Follmer has suffered and incurred expenses and costs, and other damages to be shown through discovery and trial.

35. Plaintiffs are entitled to judgment against Defendants for the above-described actual damages and injuries to Plaintiffs, and for punitive damages to be determined by a jury.

ELECTRONICALLY FILED - 2022 Jan 06 11:13 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000067

WHEREFORE, Plaintiffs pray for judgment against the Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**YARBOROUGH APPLEGATE LLC**
291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 phone
(843) 277-6691 fax

s/ Perry M. Buckner, IV
David B. Yarborough, Jr. Esquire
david@yarboroughapplegate.com
Perry M. Buckner, IV, Esquire
perry@yarboroughapplegate.com

January 6, 2022